UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: JAN 18 2017

E. ARMATA, LLC,

                Plaintiff,

          -against-

BRACHS FIVE TOWNS, LLC AND JACK B.
BRACH,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MEMORANDUM DECISION
AND ORDER

16 Civ. 2894 (GBD) (DCF)

GEORGE B. DANIELS, United States District Judge:

        Plaintiff E. Armata, LLC brought this action against Defendants Brachs Five Towns, LLC

("Brach's Supermarket") and Jack B. Brach ("Brach") alleging violations of the trust provisions

of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499a *et seq.*, and breach of

contract. (Compl., (ECF No. 1).) Plaintiff, a produce wholesaler, alleged that Defendants accepted

but failed to pay for $33,992.30 worth of produce by the dates specified on Plaintiff's invoices.

(*Id.* ¶¶ 7-8.) After this Court issued a Preliminary Injunction Order requiring Defendants to pay

Plaintiff $33,992.30, Plaintiff notified this Court that he had received a check for $33,992.30 from

the Defendants, "represent[ing] the principal amount demanded in the [C]omplaint." (ECF No.

10, at 1.)

        On May 25, 2016, Plaintiff moved for default judgment against all Defendants in the

amount of $15,583.41 in accrued interest and attorneys' fees and costs. (Pl.'s Mot. Default J., ECF

No. 15.)[1]  Plaintiff alleged that Defendants were jointly and severally liable for failing to pay

---

[1] Before filing this motion, Plaintiff requested the Clerk of Court to enter a default as to Defendants on the
ground that they had failed to answer, move, or otherwise respond to the Complaint. (ECF Nos. 12-13.)
The Clerk of Court issued the requested certificate of default on May 24, 2016. (ECF No. 14.)

accrued interest on the earlier payment for produce, which was untimely. (*Id.*)

Before this Court is Magistrate Judge Debra C. Freeman's November 23, 2016 Report and Recommendation ("Report," (ECF No. 23)), recommending that a default judgment be entered against both Defendants, holding them jointly and severally liable to Plaintiff for $15,583.41 in accrued interest, attorneys' fees, and costs.[2] (*Id.*, at 22.) This Court adopts that recommendation.

## I.    LEGAL STANDARDS

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth within a magistrate judge's report. 28 U.S.C. § 636(b)(1). The Court must review *de novo* the portions of a magistrate judge's report to which a party properly objects. *Id.* Portions of a magistrate judge's report to which no or merely perfunctory objections have been made are reviewed for clear error. *See Edwards v. Fischer,* 414 F. Supp. 2d 342, 346-47 (S.D.N.Y. 2006). Clear error is present only when "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *Brown v. Cunningham*, No. 14-CV-3515, 2015 WL 3536615, at *4 (S.D.N.Y. June 4, 2015) (internal citations omitted).

Magistrate Judge Freeman advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (Report, at 22-23.) No objection to the Report has been filed.

Under Rule 55(a), default occurs "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Where a defendant has defaulted, the district court must accept as true the well-pleaded allegations of the complaint. *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009). Nonetheless, the court is still "'required to determine whether the [plaintiff's] allegations establish [the defendant's] liability as a matter of

---

[2] The relevant procedural and factual background is set forth in greater detail in the Report, and is incorporated herein.

law.'" *City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (quoting *Finkel*, 577 F.3d at 84). To determine the amount of damages that should be awarded on a default judgment, Rule 55(b)(2) "leaves the decision of whether a hearing is necessary to the discretion of the district court." *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989); *see also Lenard v. Design Studio*, 889 F. Supp. 2d 518, 527 (S.D.N.Y. 2012).

## II.    DEFAULT JUDGMENT, PACA LIABILITY, AND DAMAGES

As the Report notes, Defendants have never appeared in this action, responded to Plaintiff's Complaint[3] or to the motion for a default judgment,[4] or otherwise contacted this Court to request an extension to submit any responses. (Report, at 4.) Nor have Defendants filed any objections to the Report.[5] Accordingly, this Court finds that a default judgment is appropriate in this action.

The Report properly determined that Plaintiff's allegations establish Defendants' liability as a matter of law. First, taking Plaintiff's well-pleaded allegations as true, the Report correctly found that Plaintiff has sufficiently pleaded the elements required to recover PACA trust proceeds from Defendants. (*Id.* at 9-10 (citing 7 U.S.C. § 499e).) Second, the Report also correctly found that Plaintiff's allegations are sufficient to establish Defendants' joint and several liability. (*Id.* at 10-11.)

---

[3] On May 25, 2016, Plaintiff's attorney, Gregory Brown, Esq., filed a declaration stating that he had started negotiations with Benjamin Kaufman, who identified himself as Defendants' attorney, for payment of "the full amount" of Defendants' debt to Plaintiff. However, these negotiations purportedly ended when Defendants declined to make any additional payments. (Report, at 3.)

[4] The Report noted that Brach's Supermarket was served with the Summons and Complaint, and that Plaintiff mailed the instant motion papers to Brach's Supermarket at its last known address. (*Id.* at 4 n.1.) The Report correctly concluded that the fact that Brach's Supermarket had closed does not bar the entry of a default judgment. (*Id.*)

[5] On December 8, 2016, attorney Benjamin Y. Kaufman docketed a letter stating that he received a copy of the Report, but he does not represent any party in this action. Mr. Kaufman advised that he was "only involved in an informal effort to settle this matter for a very brief period in May, 2016," but was not ultimately retained by the Defendants. (ECF No. 24.)

The Report also properly determined that a hearing on damages is not required because Plaintiff's submissions establish its damages to a reasonable degree of certainty.  (*Id.* at 11.)  As to the amount of damages, the Report correctly determined that an award of accrued interest is proper in this case.  (*Id.* at 12-14.)  Further, the Report reasonably concluded that Plaintiff should be awarded interest calculated at 18% per annum, as stated in the sales invoices Defendants received, yielding a total accrued interest award of $5,190.54.  (*Id.* at 14-16.)

## III.    ATTORNEYS' FEES AND COSTS

The Report correctly determined that Plaintiff should be awarded $10,392.87 in attorneys' fees and costs.   (*Id.* at 16.)  As the Report notes, the sales invoices that Plaintiff provided to Defendants explicitly stated that Plaintiff would seek to recover reasonable attorneys' fees and costs "[i]n the event of enforcement of our trust claim," and included a notice that Defendants agreed to pay Plaintiff's reasonable attorneys' fees and costs "[i]f overdue accounts are referred to an attorney."  (*Id.* at 17.)  Further, the Report properly concluded that Plaintiff sought reasonable attorneys' fees ($9,771.50) and costs ($621.37) in this action.  (*Id.*, at 20-22.)

## IV.    CONCLUSION

Magistrate Judge Freeman's Report and Recommendation is adopted.   The Plaintiff's motion for default judgment is GRANTED.  The Defendants are jointly and severally liable to Plaintiff in the total amount of $15,583,41.

The Clerk of Court is directed to close the motion at ECF No. 15.

Dated: New York, New York
          January 17, 2017

SO ORDERED.

JAN 18 2017

_George B. Daniels_
GEORGE B. DANIELS
United States District Judge

- 4 -